Case number 11-6495 in the case of U.S.A. v. Mike Coffelt. Arguments not to exceed 15 minutes per side. Mr. Torres, for the appellant, you may proceed. Your Honors, if I may, I'd like to introduce one of our students, a former student from our Federal Appellate Litigation Clinic, who will be arguing on behalf of Mr. Coffelt, who previously had moved for his participation in the Court of Scrandon. Amy Mueller will be arguing on behalf of Mr. Mike Coffelt. Thank you, Mr. Torres. Thank you, Your Honors. May it please the Court, James Woolard for the appellant, Mike Coffelt. Before I begin, I'd like to reserve two minutes of my time for rebuttal. Thank you. Mr. Coffelt is currently serving a 20-year mandatory minimum sentence, despite having zero criminal history points. The District Court imposed the mandatory minimum instead of the significant guidelines range sentence that Mr. Coffelt would have been subject to, 151 to 188 months. Your Honors, I'm going to spend my limited time here this morning addressing the main issue that we raised in our briefs, and that is whether the mandatory minimum was properly applied here. This is an issue that this Court reviews de novo. The District Court imposed the mandatory minimum because it found that Mr. Coffelt had a prior conviction for a felony drug offense that has become final under Section 841 of Chapter 21 of the U.S. Code. What Mr. Coffelt had was a state felony drug charge that was handled through Tennessee's judicial diversion program. Mr. Coffelt pled guilty to the charge in order for the Court to place him on diversion. The Court did not adjudicate his guilt. The Court entered no judgment of conviction. Mr. Coffelt completed the diversion program, at which point... He did receive a sentence, did he not? A sentence of probation? He did receive four years of probation, yes, Your Honor. That was a sentence, wasn't it? Under Tennessee law, it's not considered a sentence. It's probation, and he finished the diversion program with no judgment of conviction, in fact, with no conviction. Whose law governs whether it's considered to be a conviction for purposes of sentencing in the United States courts? Federal law governs, Your Honor, but as I'll argue today, there is no prevailing law in this circuit that defines what a conviction is for this particular section of the statute, for Section 841. And that's where the analysis has to focus, not on a general definition of conviction, not on a definition of conviction from another statute, but on a definition of conviction within the context of this particular statutory provision. Now, I'd like to begin by making the first of four points, and that is that this issue remains open in this circuit, that is, what counts as a prior conviction, or more specifically, whether a diverted, dismissed, and expunged... How about the other circuits? I don't believe all the circuits have ruled on this issue. There are a number of cases that treat similar programs. There are some factual variations in terms of whether there's expungement, whether there's a finding of guilt, exactly what kind of procedures were followed in the program. But to my knowledge, there is a line of cases in the Eighth Circuit, which has been disagreed with by another line of cases in the Eighth Circuit. But there is a case there, U.S. v. Stallings, where the court found that prior conviction did not include an offense that was processed in a manner similar to Mr. Kofoltz. And otherwise, there are several other circuits that have found the other way. So, no, we would be creating a circuit split if we ruled your way? Your Honor, as I said, there is at least one line of cases in the Eighth Circuit that I know of that has held in the way that Mr. Kofoltz is asking this court to hold. So to that extent, no. There is at least one other circuit out there where there is case law, at least one case that's held that prior conviction does not extend to this kind of offense. The Tennessee statute describes the diversion proceeding as a conviction, doesn't it? No, Your Honor, it doesn't. It specifies first that the person who successfully completes the program does not have a conviction for any purpose. Tennessee case law has also specified that  But a guilty plea is required in order to be suitable for diversion? A guilty plea is required, yes, Your Honor. But for purposes of that statute under Tennessee law, the defendant does not have a conviction. And upon successful completion of the program, still does not have a conviction. Does the definition of conviction have to have just one definition or can a conviction mean different things in different contexts? It can mean different things in different contexts, Your Honor. And that's precisely the point we'd like to make here, is that because conviction means different things in different statutory contexts, there's no another statute's definition, another federal statute's definition of conviction cannot automatically be applied here. If we were to adopt your argument, wouldn't it be contrary to the sentencing guidelines and how they treat sentences that have the diversionary programs? And wouldn't we be somewhat inconsistent with the guidelines here? I believe that the guidelines do treat deferred adjudications in the criminal history calculation but not expungements or expunctions. So in Mr. Kovold's case, no. I mean, in fact, his criminal history points were calculated at zero in the pre-sentence report. And that was because the expunged offense from the Tennessee program didn't count. Now, I should say that the guidelines do say that expungements may be considered still in the analysis of adequacy of the criminal history category. But that's what I thought. Okay. So if we were to rule your way, that would be inconsistent with the criminal history computation in the guidelines, right? I don't believe so, Your Honor, because Mr. Kovold's offense here wouldn't factor into the criminal history score. It's just the court would have discretion to consider it in the context of adequacy of criminal history. And that's what we're asking here, essentially, is in the absence of a clear indication from Congress that the mandatory minimum should apply here, that instead the sentence should be within the district court's discretion within the guidelines range, which is significant, 151 to 188 months, roughly 12 1⁄2 to roughly 16 years. What do we make of the Tennessee v. Kelly case that I'm sure you're familiar with that says under Tennessee law, criminal acts for which a defendant received diversion can be considered a prior criminal behavior to elevate the defendant's range of punishment? I think the distinction there, Your Honor, is that it refers to prior criminal behavior and not specifically to a conviction so that the scope is broader there. In the statute, it's clear that a defendant who successfully completes the diversion program does not have a conviction. There are very limited circumstances. He has criminal behavior in his background. Criminal behavior, yes, but not a conviction. And the federal law requires a conviction. So the difficulty arises here with applying the federal meaning of conviction to a state offense that is explicitly not a conviction under state law. So the question then is whether the federal definition was meant to encompass state non-convictions, and that isn't the case. Why wouldn't we look at what the Court said in Miller to be of some guidance to us here? Well, Miller does provide guidance on the issue of finality, Your Honor. Well, but it also provides a little bit of guidance when it said, it has long been recognized that alternative sentencing such as that utilized by Georgia, very similar to this, in its first offender provision does not prevent the underlying offense from being treated as a prior conviction for purposes of federal sentencing statutes. Well, that language is broad, Your Honor. It says does not prevent in federal sentencing statutes. In fact, the cases cited there, I believe the first case that the Miller Court cites to, is Dickerson v. New Banner Institute, Supreme Court case from 1984, which considered a provision in the federal gun laws, not in the federal drug laws, and which also in . . . But Miller was a drug case, was it not? Yes, but my point is simply that Dickerson, the main case to which the Miller Court is citing for that proposition is a case that involves a different statute, not a case that involves the drug statutes. Dickerson itself also says in the opinion that the meaning of footnote 6, that the meaning of convicted and conviction are not the same in every federal statute, that they differ in different statutory contexts. Moreover, the Miller Court made clear in the first footnote of the opinion that the issue before the court was not whether Miller had a prior conviction for purposes, on his record, for purposes of sentencing enhancement, but whether that conviction was final. Miller had conceded that he had a conviction in his briefs, said that the issue was controlled by federal law, which it is, but cited to federal law that was not on point, cited to Deal v. United States, again, another Supreme Court case that dealt with a gun statute. And the Miller Court expressly said that finality was the issue before the court under Section 841, not the prior conviction issue. And when it engaged in the analysis of the Georgia diversion statute, that was its focus. It was looking at whether or not the offense for which Miller, in that case, had been diverted was appealable at any point in order to establish finality. So that's why it looked at that statute. Now the statute, the prior conviction language in the federal statute here in Section 841 comes with no definition. It's unclear what prior conviction means, and there's no definition elsewhere in the statute. Since there's no definition in the statute, we looked at the ordinary meaning of the term conviction, and as discussed briefly earlier, that word carries multiple meanings. Between the government's briefs and Mr. Cofield's briefs, I believe we cited a total of maybe four dictionary definitions of conviction, and at least three of those define conviction as a judgment of conviction and two of them as a judgment of conviction or as something before judgment,  so the ordinary meaning analysis reveals that conviction has many different meanings and there's no strong indication of one meaning to be preferred over another in any given context. Now the broader statutory context of the drug laws provides at least a little bit of guidance, suggesting that Congress did not mean for an offense that was processed through a diversion program and resulted in a non-conviction should count as a conviction for purposes of sentencing enhancement. Now the provision that I'm referring to here is a diversion program under 18 U.S. Code Section 3607, which is not applicable here, yet does establish a diversion program in which a defendant who successfully completes it emerges without a conviction, and the law specifies that conviction counts. If he doesn't successfully complete it, then he's subject to potential imprisonment and all sorts of criminal sanctions. Well, if there is not a conviction, how could you be subject to these penalties? I mean, there almost has to be a conviction. Whether or not there's a document that says judgment of conviction, it is treated, it appears like it's treated as a conviction, and the only sense you could make for it if there's a violation of the sentence of probation, how could that have any effect unless there is an underlying conviction? I mean, if there's not a conviction, there's no basis to order jail time and everything else for violating the imperative. See what I'm saying? Logically, there has to be a conviction, doesn't there? Right. Or penalties. Well, there is an entry, at least under the Tennessee statute, and I think under similar statutes, there is entry of a judgment of conviction at that point if the court revokes the probation or whatever. Well, it's a little late, isn't it? And the judgment of conviction comes after the offending conduct. The offending conduct was not subject to the conviction. It seems like it has to precede the offending conduct for there to be sanctions, not the other way around. Well, I believe that once the defendant pleads guilty, then the proceedings from that point are effectively suspended, and the conviction only comes once. What is the authority to sentence the person for his violation of the probation if there's no conviction that forms the basis to punish him? I think at that point there is. Once the probation is violated, then the proceedings are reinstated. Well, there's no legal grounds to order him to have a probation. You must do these things if there is no conviction, is there? I mean, is it voluntary? Is it contractual? What's the basis that he has to perform these conditions if there's not a conviction? The court doesn't have any authority over him otherwise. The defendant does consent in the case. Okay, so it's a consensual thing. Right. The diversion, at least under the Tennessee law, can only happen if the defendant consents to it, and that's the point at which. So it's more of a contract that I hereby contractually agree that you may punish me if I violate these terms because you don't have any right under the Constitution or the laws of the state of Tennessee to punish me unless there is a conviction? I mean, it is clear then at the point that if there is a violation and the court revokes the probation, it is clear then that it does impose the punishment, and that's clear at the beginning that the court has the authority to do that if the diverted defendant does violate the probation. I see that my time is up, Your Honors. You have preserved your rebuttal time, so. Thank you. Thank you. May it please the Court, I'm Scott Winnie. I'm an assistant U.S. attorney from Chattanooga, Tennessee. I've been assigned to this case from its inception in federal court. I appreciate the point that Mr. Caulfield is making that Miller did not have to directly address the underlying question that Mr. Caulfield presents in this case and instead focused on finality. But as this court has pointed out during his argument, Miller certainly did address it, as did this court in subsequent cases, Graham and another case, Adams. Just out of curiosity, counsel, if instead of this being a federal prosecution of Mr. Caulfield, the state of Tennessee had prosecuted him for these drugs, how would the Tennessee Diversionary Program impact a subsequent prosecution after the probation had been successfully completed and an order of expunction had gone on? It would impact it in the manner in which Judge Bell indicated State v. Kelly applies. That is, in Tennessee it would act as an enhancement, just as it acts in our case. As an enhancement because there was a conviction? I think it's by the terms of the statute that it can act that way in Tennessee. It doesn't necessarily call it a conviction. I don't believe it does. It doesn't then become a Tennessee conviction to my knowledge. All right. Thank you. So certainly it was addressed in Miller as at least a matter of policy that a defendant should not be provided with a technical legal advantage if they continue their criminal conduct. In Graham, footnote 13, again, not directly addressing the question. This is addressed in footnotes 13 and 15. But in 13, this court referred to the 2nd, 3rd, 4th, 5th, 7th, 9th, and 11th circuits in agreeing that prior felony drug convictions should be counted for purposes of Section 841, even when those convictions have been set aside, expunged, or otherwise removed from a defendant's record for reasons other than innocence or error of law. In other words, for reasons such as we have here with the first offender type statute. Adams, I don't know that, I don't believe it's in my brief. It's 622 F3rd 608 in this court in 2010. Addressing a statutory scheme out of Michigan under the youthful trainee program there where no formal judgment of conviction is ever entered. This court said, consistent with Miller, we hold that a plea of guilty to a felony drug offense qualifies as a prior conviction for federal sentencing purposes. Any plea? I mean, pleas don't have to be accepted by the trial judge. I mean, somebody could come into court, Your Honor, I want to plea guilty. It's usually up to the judge whether they accept it or not. But are you saying that just a plea itself would qualify as a conviction? I think the plea itself followed by a sentence would qualify as a conviction. Okay, well, that's different. You know, if it's treated as, I see here as Tennessee treating this as a conviction, and that's a little different than any time I attempt to plead it's going to be a conviction. I think that's right, Your Honor. In fact, there has to be a finding of guilt. Well, there is no finding here. I mean, that is a problem. I mean, because a judge usually has to determine that the defendant who is pleading guilty is competent to plead, it's voluntary, that there's a factual basis for it. There's a lot of factors that go into accepting a guilty plea, and we don't have any of that on the record here. We don't have an acceptance of a guilty plea. All we have is that it's treated as it's accepted, so it's like a de facto acceptance of it. And it is a little bit troubling, but on the other hand, it might be a conviction for one purpose and not a conviction for another purpose. Well, I think that there's no substantial difference between what happened with Mr. Caulfield in state court and what happened with Mr. Miller in the Miller case in Georgia state court. That is, he enters a plea of guilty, and a finding of guilty has to be made in order for a sentence to ensue, and that's what happened with Mr. Caulfield. He received a four-year probationary sentence. It may be, though, that this court will be the first one to address directly the question that Mr. Caulfield raises and that he says Mr. Miller did not directly raise because he conceded the point that he had a prior felony drug conviction. Is there a record made of that plea, that felony drug offense, in order to receive the probation? Is there a record made in the court? There is a record. There should be somewhere in the Tennessee file somewhere a record of the lawyer, this gentleman, the government, or the prosecution intending a guilty plea and the elements of the offense set forth, and the judge saying, I accept your guilty plea. Yes, Your Honor. It's not a part of the record before this court, but there is such a record. But there is a record of the judge accepting a guilty plea. That's not clear. There's no, I don't have a transcript. I haven't read a transcript to see what happened. It takes place on paper. I go back to what was just said. Living with these things all the time, do we have anything other than the paper as part of the record here, other than documents of acceptance of a guilty plea in order to get to this diversionary status? I don't believe so. I'd submit that if this were a case that this court were contemplating going a different direction than what was announced in Miller, Graham, and Adams, this is not a good case factually for it. And I say that because the timeline for Mr. Caulfield is this. He finishes his probationary sentence on first offender on the judicial diversion program in Tennessee in March 2010. He's indicted federally in May 2010. The expunction and dismissal does not occur in this case, as the defendant points out in his brief, does not occur until August of 2010. Mr. Caulfield actually was arrested on a federal indictment that alleged he participated in a conspiracy reaching back to January of 2007. He was arrested in May 2010 on that, had an initial appearance in May, at which he was informed he had a 20-year minimum mandatory based upon that conduct because there was no expunction or dismissal in the record. And after having had his initial appearance in federal court and subjected to detention hearings and the reading of the charges and so forth, he then goes back to state court, not he, but a lawyer goes back to state court in Grundy County, Tennessee, and gets this order of expunction and dismissal. So as a matter of policy, a federal indictment has alleged that during the vast majority of this individual's participation in the first offender program in Tennessee, that during the vast majority of that four years of probation, he was involved in a conspiracy to commit the same offense he was convicted of in Tennessee. Was the motion asking for expungement, is there a requirement under Tennessee law that that motion contain at least some kind of declaration that this individual has been free of criminal contact and convictions during that period of time? There's a statement that he successfully completed, but not the explicit words, to my knowledge, not the explicit words that you use, Your Honor. It says successfully completed, having successfully completed his term of probation. In Tennessee, what's expunged? The conviction or all the record of the criminal proceedings or what? Well, it states what's expunged and what can be used later within the statute itself, but I believe it means to expunge the conviction. Well, if there's not a conviction, they say there's not a conviction at all, there's nothing to expunge then. Right. But Tennessee has an expungement statute that he used, right? Correct. Well, what's to be expunged? Expunged is the conviction that they say never existed. I mean, do the records, are the records suppressed at that point? I mean, are they expunged too, the fact that there was a criminal proceeding, or are the records still there? Theoretically, I guess. Under the statute, they couldn't be completely made to disappear because if the defendant were ever a plaintiff in a civil suit, the underlying criminal offense could be used. It could be used to impeach him at trial. It could be used to enhance. It could be used to disqualify him from ever being submitted to first offender or judicial diversion treatment again by the terms of the statute. So while it says the conviction is expunged, the record is expunged, obviously it's maintained somewhere and can be used for various reasons. Well, the statute itself specifically says that a non-public record is retained for specific purposes. It does. What's troubling here is that presumably had the Tennessee court had any idea what the feds knew, then no order of expunction would ever have been issued or entered here. That's true, and I was aware of the fact that there was this prior criminal conduct. I asked myself if I should have let Grundy County, Tennessee, know about this or his former probation officer or something. I did not do that. It appears that Mr. Coffelt was in federal custody at the time of the expunction in August, so he did not take care of this himself. There's an attorney's signature on the form. So the Tennessee courts don't really look into this before they enter such an order under the diversionary program? This is my first and only experience with this having occurred in this case. It obviously wasn't looked into. But if the lawyer was making a motion to terminate the proceeding, five years successful, the lawyer is speaking on behalf of his client, isn't he? Yes, Your Honor. Can something be said for the fact that the lawyer was misled by his client in light of the fact that his client himself was committing crime at that time? Yes, sir. Therefore, somewhat fraudulently, the disposition was obtained by making representations implicit in the motion to terminate. I will say that the attorney who handled the expunction in state court was not the same as the federal attorney, so I don't know what the communication was between the parties. Is there any provision in Tennessee law for attacking an order of expunction after the fact if it turns out that it was fraudulently obtained? I would think it could be subject to an extraordinary appeal under Tennessee's Rule 10, which we discussed briefly in our brief in other contexts. I assume the state of Tennessee had notice of the motion and they had an opportunity to object to it, and there was no objection by the state of Tennessee. It was the signature of an assistant district attorney on the expunction order. So, I mean, they're consenting to it. They should know what's going on. That's all I have. If there are no other questions, thank you. Thank you, counsel. Rebuttal. Thank you, Your Honors. I'd just like to make a couple of brief points. First, about the way that the diversion, diverted offense is treated. The statute is very clear on this. This is Tennessee Criminal Code Section 40-35-313, which covers this diversion program. It's that the discharge of the defendant and dismissal of the proceedings occurs upon the successful completion of the propation. That's not a part of the expungement or expunction. That's a separate process. And the statute is also very clear that the only condition for obtaining the expungement is that the defendant request it. It doesn't condition it on anything. What is expunged? It does not, and that's another thing, it does not say expungement of conviction, does not use the term conviction there at all, just expungement of the proceedings. So what is expunged then? The proceedings, the record of the proceedings. Okay, the official record? Yes, there is a non-public record. And that is, as the government correctly stated, that is retained as a non-public record for certain limited purposes, none of which applied here. I believe the government said in part so that the defendant could not enter the diversion program a second time. I believe it's also retained in the case of a subsequent violation of subsequent sexual offense and also for certain limited purposes for admissions in court. Second, I want to be clear as well that the Tennessee statute does not consider the person who successfully completes the program to have a conviction. It's very clear about that. And it cannot use that for enhancement. It's very clear in the statute that the person does not have a conviction for any disability or disqualification imposed by law. It's quite clear on that. And the case law is as well. State versus Norris, for example, Tennessee Court of Criminal Appeals cited in our brief, distinguishes between a plea of guilty followed by diversion on the one hand, and on the other hand, a plea of guilty followed by conviction and probation. It distinguishes those two things. Can you help us out at all about the role of the judge in this proceeding when a plea of guilty is presented to the judge and the diversionary program is what's intended, whether the judge in Tennessee accepts the guilty plea or makes some findings or evidently there's not a record in this case before us, but can you help us out what the proceeding is in Tennessee? All I can say, Your Honor, is that in addition to the fact that there isn't anything on the record here that indicates that, that there's nothing in the statute that specifies that there must be a finding of guilt or acceptance of a guilty plea. Wouldn't due process require that? I would think if, you know, in a guilty plea context, if we have a case and the judge doesn't find that the guilty plea is made voluntarily, knowingly, and has a factual basis, that it would violate the Constitution to accept it, I would think. I'm not sure, Your Honor. Again, all I can say is it's not, there's nothing in the statute to indicate that and nothing on the record here. I see, again, my time is up. If I may just conclude with a single sentence to ask that this court find that the mandatory minimum does not apply to Mr. Coffold because he doesn't have a prior conviction that's become final. Vacate his sentences and remand for full resentencing. Thank you, Your Honor. Thank you, Counsel.